ANNA Y. PARK, CA SBN 164242
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, 4th Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
E-mail: lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

F I L E D
Clerk
District Court

SEP 12 2007

For The Northern Mariana Islands
By_____
(Deputy Clerk)

## UNITED STATES DISTRICT COURT

## DISTRICT OF THE NORTHERN MARIANA ISLANDS

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

        Plaintiff,

    v.

L&T INTERNATIONAL
CORPORATION; L&T GROUP
OF COMPANIES, LTD.; TAN
HOLDINGS CORPORATION;
TAN HOLDINGS OVERSEAS
INCORPORATED; CONCORDE
GARMENT MANUFACTURING
CORPORATION; and DOES 1-5,
Inclusive,

        Defendants.

CASE NO.: CV 07 - 0029

COMPLAINT-
CIVIL RIGHTS
EMPLOYMENT
DISCRIMINATION
(42 U.S.C. §§ 2000e, *et seq.*)

JURY TRIAL DEMAND

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of national origin, and to provide appropriate

1  relief to Marlou Aranda and a class of 81 additional Charging Parties ("Charging

2  Parties") and a class of similarly situated individuals who were adversely affected

3  by such practices. The Equal Employment Opportunity Commission alleges that

4  Defendants L&T International Corporation; L&T Group of Companies, Ltd.; Tan

5  Holdings Corporation; Tan Holdings Overseas Incorporated; Concorde Garment

6  Manufacturing Corporation; and DOES 1-5 (collectively "Defendants" or

7  "Defendant Employers") unlawfully discriminated against them and terminated the

8  employment of the Charging Parties because of their national origin, Filipino and

9  Thai. Further, Defendants unlawfully discriminated against the Charging Parties

10  by segregating them by their national origin and providing them with fewer

11  overtime hours than Chinese employees.

**JURISDICTION AND VENUE**

12

13        1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451,

14  1331, 1337, 1343 and 1345.

15        2.      This action is authorized and instituted pursuant to Section 706(f)(1)

16  and (3) and 707of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.

17  § 2000e-5(f)(1) and (3) and -6 ("Title VII") and Section 102 of Title I of the Civil

18  Rights Act of 1991, 42 U.S.C. § 1981a.

19        3.      Some of the employment practices alleged to be unlawful were

20  committed within the jurisdiction of the United States District Court for the

21  District of Northern Mariana Islands.

**PARTIES**

22

23        4.      Plaintiff, Equal Employment Opportunity Commission (the

24  "Commission"), is the federal agency of the United State of America charged with

25  the administration, interpretation and enforcement of Title VII, and is expressly

26  authorized to bring this action by Section 706(f)(1) and (3) and 707 of Title VII,

27  42 U.S.C. § 2000e-5(f)(1) and (3) and -6.

28        5.      At all relevant times, Defendant Employer L&T International

2

1  Corporation has continuously been a Northern Mariana Islands corporation doing

2  business in the Northern Mariana Islands and has continuously had at least fifteen

3  (15) employees. At all relevant times, Defendant L&T International Corporation

4  has continuously been an employer engaged in an industry affecting commerce

5  within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§

6  2000e(b), (g) and (h).

7    6. At all relevant times, Defendant Employer L&T Group of Companies,

8  Ltd., has continuously been a Northern Mariana Islands corporation doing

9  business in the Northern Mariana Islands and has continuously had at least fifteen

10  (15) employees. At all relevant times, Defendant L&T Group of Companies, Ltd.,

11  has continuously been an employer engaged in an industry affecting commerce

12  within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§

13  2000e(b), (g) and (h).

14    7. At all relevant times, Defendant Employer Tan Holdings Corporation

15  has continuously been a Northern Mariana Islands corporation doing business in

16  the Northern Mariana Islands and has continuously had at least fifteen (15)

17  employees. At all relevant times, Defendant Tan Holdings Corporation has

18  continuously been an employer engaged in an industry affecting commerce within

19  the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b),

20  (g) and (h).

21    8. At all relevant times, Defendant Employer Tan Holdings Overseas

22  Incorporated has continuously been a Northern Mariana Islands corporation doing

23  business in the Northern Mariana Islands and has continuously had at least fifteen

24  (15) employees. At all relevant times, Defendant Tan Holdings Overseas

25  Incorporated has continuously been an employer engaged in an industry affecting

26  commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42

27  U.S.C. §§ 2000e(b), (g) and (h).

28    9. At all relevant times, Defendant Employer Concorde Garment

3

1 | Manufacturing Corporation has continuously been a Northern Mariana Islands
2 | corporation doing business in the Northern Mariana Islands and has continuously
3 | had at least fifteen (15) employees. At all relevant times, Defendant Concorde
4 | Garment Manufacturing Corporation has continuously been an employer engaged
5 | in an industry affecting commerce within the meaning of Sections 701(b), (g) and
6 | (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

7 |      10.    Plaintiff is ignorant of the true names and capacities of Defendants
8 | sued as DOES 1 through 5, inclusive, herein and therefore Plaintiff sues said
9 | Defendants by such fictitious names. Plaintiff reserves the right to amend the
10 | complaint to name the DOE defendants individually or corporately as they become
11 | known. Plaintiff alleges that each of the Defendants named as DOES was in some
12 | manner responsible for the acts and omissions alleged herein and Plaintiff will
13 | amend the complaint to allege such responsibility when same shall have been
14 | ascertained by Plaintiff.

15 |      11.    All of the acts and failures to act alleged herein were duly
16 | performed by and attributable to all Defendants, each acting as a successor, agent,
17 | joint employer, integrated enterprise, employee and/or under the direction and
18 | control of the other Defendants, except as otherwise specifically alleged. Said acts
19 | and failures to act were within the scope of such agency and/or employment, and
20 | each Defendant participated in, approved and/or ratified the unlawful acts and
21 | omissions by other Defendants complained of herein. Whenever and wherever
22 | reference is made in this Complaint to any act by a Defendant or Defendants, such
23 | allegations and reference shall also be deemed to mean the acts and failures to act
24 | of each Defendant acting individually, jointly, and/or severally.

25 |      12.    It is further alleged on information and belief that the unnamed
26 | Defendants in the complaint are alter egos, joint employers, and/or integrated
27 | enterprises of Defendants L&T International Corporation.
28 |

4

## STATEMENT OF CLAIMS

13. More than thirty days prior to the institution of this lawsuit, Marlou Aranda and 81 additional Charging Parties filed charges with the Commission alleging violations of Title VII by Defendant Employers. All conditions precedent to the institution of this lawsuit have been fulfilled.

14. Since at least January 1, 2004, Defendant Employers engaged in a pattern and practice of unlawful employment discrimination at its Saipan, Northern Mariana Islands, facility in violation of Section 703(a) and 707 of Title VII, 42 U.S.C. § 2000e-2(a), and -6. These practices include, but are not limited to, unlawfully terminating the employment of Charging Parties by terminating their employment because of their national origin, Filipino and Thai; segregating them from Chinese employees in their work units; refusing to allow them access to the meal plan and cafeteria provided to Chinese employees; and providing them with fewer overtime hours than Chinese employees.

15. The effect of the practice complained of above has been to deprive Charging Parties of equal employment opportunities and otherwise adversely affect their status as employees because of their national origin.

16. The unlawful employment practices complained of above were intentional.

17. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Charging Parties.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employers, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in disparate treatment and any other employment practices which discriminates on the basis of national origin.

5

1    B.    Order Defendant Employers to institute and carry out policies,

2  practices, and programs which provide equal employment opportunities for

3  Bangladeshi and Filipinos and which eradicate the effects of their past and present

4  unlawful employment practices.

5    C.    Order Defendant Employers to make whole the Charging Parties and

6  a class of similarly situated individuals by providing appropriate backpay with

7  prejudgment interest, in amounts to be determined at trial, and other affirmative

8  relief necessary to eradicate the effects of their unlawful employment practices.

9    D.    Order Defendant Employers to make whole the Charging Parties and

10  a class of similarly situated individuals by providing compensation for past and

11  future nonpecuniary losses resulting from the unlawful practices described above,

12  including relocation expenses, job search expenses, and medical expenses not

13  covered by the Employers' employee benefit plan, in amounts to be determined at

14  trial.

15    E.    Order Defendant Employers to make whole the Charging Parties and

16  a class of similarly situated individuals by providing compensation for past and

17  future nonpecuniary losses resulting from the unlawful practices complained of

18  above, including emotional pain, suffering, inconvenience, loss of enjoyment of

19  life, and humiliation, in amounts to be determined at trial.

20    F.    Order Defendant Employers to pay the Charging Parties and a class of

21  similarly situated individuals punitive damages for their malicious and reckless

22  conduct described above in amounts to be determined at trial.

23    G.    Grant such further relief as the Court deems necessary and proper in

24  the public interest.

25    H.    Award the Commission its costs of this action.

26  ///

27  ///

28  ///

6

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: September //, 2007

Respectfully Submitted,

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1801 "L" Street, N.W.
Washington, D.C. 20507

BY:

ANNA Y. PARK
Regional Attorney

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

7