Colin M. Thompson, Esq.
Thompson Law Office, LLC
J.E. Tenorio Building
PMB 917 Box 10001
Saipan, Mariana Islands 96950
Telephone: (670) 233-0777
Facsimile: (670) 233-0776

*Attorney for Defendants, L&T International Corporation*
*and L&T Group of Companies, Ltd..*

# UNITED STATES DISTRICT COURT

## FOR THE

## NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) | Civil Action No. 07-0029 |
| **Plaintiff,** | ) ) | |
| **vs.** | ) ) ) | **ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL** |
| **L&T INTERNATIONAL CORPORATION; L&T GROUP OF COMPANIES, LTD., TAN HOLDINGS CORPORATION; TAN HOLDINGS OVERSEAS INCORPORATED; CONCORDE GARMENT MANUFACTURING CORPORATION; and DOES 1-5 Inclusive,** | ) ) ) ) ) ) ) ) | |
| **Defendants.** | ) ) ) | |

      **COMES NOW**, Defendants, L&T International Corporation and L&T Group of Companies Ltd., ("Answering Defendants") through their attorneys of record to answer the Complaint as follows:

      1.      Answering Defendants admit each and every allegation contained in paragraph number 1 of the Complaint. .

2.      Answering Defendants admit each and every allegation contained in paragraph number 2 of the Complaint. .

3.      Answering Defendants admit each and every allegation contained in paragraph number 3 of the Complaint. .

4.      Answering Defendants admit each and every allegation contained in paragraph number 4 of the Complaint.

5.      Answering Defendants deny each and every allegation contained in paragraph number 5 of the Complaint.

6.      Answering Defendants admit each and every allegation contained in paragraph number 6 of the Complaint.

7.      Answering Defendants deny each and every allegation contained in paragraph number 7 of the Complaint.

8.      Answering Defendants deny each and every allegation contained in paragraph number 8 of the Complaint.

9.      Answering Defendants admit each and every allegation contained in paragraph number 9 of the Complaint.

10.     Answering Defendants have insufficient information to form a belief as to the truth of paragraph 10 of Plaintiff's Complaint and placing their denial on that ground, deny the allegations and each of them and requires strict proof thereof.

11.     Answering Defendants have insufficient information to form a belief as to the truth of paragraph 11 of Plaintiff's Complaint and placing their denial on that ground, deny the allegations and each of them and requires strict proof thereof.

12.    Answering Defendants have insufficient information to form a belief as to the truth of paragraph 12 of Plaintiff's Complaint and placing their denial on that ground, deny the allegations and each of them and requires strict proof thereof.

13.    Answering Defendants admit that more than thirty days prior to the institution of this lawsuit, Marlou Aranda and 81 additional Charging Parties filed a charge with the Commission alleging violations of Title VII.  Except as expressly admitted Answering Defendants have insufficient information to form a belief as to the truth of paragraph 13 of Plaintiff's Complaint and placing their denial on that ground, deny the allegations and each of them and requires strict proof thereof.

14.    Answering Defendants deny each and every allegation contained in paragraph number 14 of the Complaint.

15.    Answering Defendants deny each and every allegation contained in paragraph number 15 of the Complaint.

16.    Answering Defendants deny each and every allegation contained in paragraph number 16 of the Complaint.

17.    Answering Defendants deny each and every allegation contained in paragraph number 17 of the Complaint.

## GENERAL DENIAL

Except for those facts expressly admitted, Answering Defendants generally deny all allegations in the Complaint.

## AFFIRMATIVE DEFENSES

1.    As a First Affirmative Defense, Plaintiff fails to state a claim upon a relief can be granted.

2.    As a Second Affirmative Defense, Plaintiff's claims are barred by Waiver.

3.    As a Third Affirmative Defense, Plaintiff's claims are barred by Estoppel.

4.    As a Fourth Affirmative Defense, Plaintiff's claims are barred by Unclean Hands.

5.    As a Fifth Affirmative Defense, Answering Defendants acted in good faith at all relevant times.

6.    As a Sixth Affirmative Defense, Plaintiff's claims are barred by Statute of Limitations.

7.    As a Seventh Affirmative Defense, Plaintiff's claims are barred by Laches.

8.    As an Eight Affirmative Defense, Plaintiff's claims are limited because the Charging Parties did not suffer damage or because of they failed to mitigate damages.

9.    As a Ninth Affirmative Defense, Answering Defendants' had a legitimate business reason for terminating Charging Parties' employment.

## DEMAND FOR JURY

The Answering Defendants hereby demand that this case be tried before a jury.

## WHEREFORE, DEFENDANTS PRAY THAT:

1.    Plaintiff take nothing by its complaint;

2.    Answering Defendants be awarded costs of this action and reasonable attorney's fees; and

3.    For such further relief as the Court deems just and proper.

Dated this 14<u>th</u> day of January, 2008.

_____/s/_____
**COLIN M. THOMPSON, ESQ.**
Attorney at Law

4