**Steven P. Pixley, Esq.**
Attorney at Law
Second Floor, CIC Centre
Beach Road, Garapan
Post Office Box 7757 SVRB
Saipan, M.P.  96950
Telephone: (670) 233-2898/5175
Facsimile:  (670) 233-4716

*Attorney for Defendants Tan Holdings Corporation,*
*Tan Holdings Overseas Incorporated,*
*Concorde Garment Manufacturing Corporation*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN MARIANA ISLANDS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　　Plaintiff,<br><br>　　　　　-vs-<br><br>L&T INTERNATIONAL CORPORATION; L&T GROUP OF COMPANIES, LTD.; TAN HOLDINGS CORPORATION; TAN HOLDINGS OVERSEAS INCORPORATED; CONCORDE GARMENT MANUFACTURING CORPORATION; and DOES 1-5, Inclusive,<br><br>　　　　　Defendants. | Civil Action No. 07-0029<br><br>ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL |

COME NOW, Defendants, Tan Holdings Corporation, Tan Holdings Overseas Incorporated and Concorde Garment Manufacturing Corporation (hereinafter collectively "Answering Defendants"), through undersigned counsel, and hereby respond to the Plaintiff's Complaint as follows:

## I.
### Failure to State Claim

The Complaint fails to state a claim against Answering Defendants upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II.
### Answer to Allegations Contained in Complaint

1. Answering Defendants admit the allegations contained in ¶¶ one, two and three of the Complaint.

2. Answering Defendants admit the allegations contained in ¶ four of the Complaint.

3. With respect to the allegations contained in ¶¶ five and six of the Complaint, Answering Defendants admit that L&T Group of Companies has continuously been a Northern Mariana Islands corporation doing business in the Northern Mariana Islands and has continuously had at least fifteen (15) employees.

4. With respect to ¶¶ seven and eight of the Complaint, Tan Holdings Corporation and Tan Holdings Overseas Incorporated deny that they have continuously had at least fifteen (15) employees and they they are an "employer" within the intent and meaning of §§ 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g) and (h).

5. With respect to ¶ nine of the Complaint, Concorde Garment Manufacturing Corporation admits that it is a Northern Mariana Islands corporation which has been doing business in the Northern Mariana Islands and which has continuously had a least fifteen (15)

employees. However, Concorde Garment Manufacturing Corporation denies that it employed any of the charging parties who are the subject of this Complaint.

6. ¶ ten of the Complaint does not require a response at this time.

7. The allegations contained in ¶¶ eleven and twelve of the Complaint are denied.

8. With respect to ¶ thirteen of the Complaint, it is admitted that Marlou Arranda and 81 additional Charging Parties filed charges with the Commission alleging violations of Title VII. It is denied that all conditions precedent to the institution of this lawsuit have been fulfilled.

9. The allegations contained in ¶¶ fourteen, fifteen, sixteen and seventeen of the Complaint are denied.

10. Answering Defendants hereby deny any allegation contained in the Complaint which is not expressly admitted in this Answer.

### III.
### Affirmative Defenses

1. Defendant Tan Holdings Corporation is not an employer within the intent and meaning of 42 U.S.C.§ 2000e (b), *et. seq.* of Title VII of the Civil Rights Act of 1964.

2. Defendant Tan Holdings Overseas Incorporated is not an employer within the intent and meaning of 42 U.S.C. § 2000e (b), *et. seq.* of Title VII of the Civil Rights Act of 1964.

3. Defendant Concorde Garment Manufacturing Corporation is not an employer within the intent and meaning of 42 U.S.C. § 2000e (b), *et. seq.* of Title VII of the Civil Rights Act of 1964.

4. At all times relevant to allegations contained in the Complaint, Answering Defendants were engaged in bona fide occupational and business practices reasonably necessary for the normal operation of Answering Defendants' business activities.

5. Through the actions of the charging parties mentioned in ¶ thirteen of the Complaint, they have knowingly, voluntarily, and willingly relinquished and abandoned any rights which thy may have otherwise had against Answering Defendants, and have therefore abandoned or waived these rights.

6. The Plaintiffs' claims are barred by the Statute of Limitations.

7. The Plaintiffs' claims are barred by Estoppel.

8. Answering Defendants are informed and believe, and, on that basis allege, that Plaintiff has not come to court with clean hands.

9. Answering Defendants acted in good faith at all relevant times.

10. Plaintiff is guilty of laches and excessive delay in bringing this action. Such laches and excessive delay were without good cause and such actions have substantially prejudiced Answering Defendants.

11. Answering Defendants are informed and believe, and on that basis allege, that the charging parties identified in ¶ thirteen of the Complaint have failed to mitigate their damages.

12. The charging parties have failed to exhaust administrative remedies.

13. Answering Defendants hereby reserve their right to assert affirmative defenses in the event that discovery discloses that additional affirmative defenses would be appropriate.

## IV.
## Demand for Jury Trial

Answering Defendants, pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, hereby demand a jury trial on all issues triable by a jury.

WHEREFORE, having fully answered the Complaint, Answering Defendants pray the Court as follows:

1. That Plaintiff take nothing by this civil action;

2. That a judgment of dismissal be entered in favor of Answering Defendants;

3. That Answering Defendants be awarded the costs of this civil action; and

4. For such other and further belief as this Court deems just and proper.

Dated this 14th day of January, 2008.

/s/ Steven P. Pixley
**STEVEN P. PIXLEY**
Attorney at Law