

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## Honolulu Local Office

300 Ala Moana Boulevard, Room 7-127
P. O. Box 50082
Honolulu, HI 96850-0051
(808) 541-3120
TTY (808) 541-3131
FAX (808) 541-3390

Charge No. 378-2004-00361

| | |
|---|---|
| Joanna Abellanosa<br>P. O. Box 504788 CK<br>Beach Road Garapan,<br>Saipan, MP 96950 | Charging Party |
| L & T International Corporation<br>P.O. Box 501280<br>Saipan, MP 96950 | Respondent |
| L&T Group of Companies<br>P.O. Box 501280<br>Saipan, MP 96950 | Respondent |
| Concorde Garment Manufacturing Corp.<br>P.O. Box 501280<br>Saipan, MP 96950 | Respondent |
| Micro Pacific, Inc.<br>PPP 521<br>Saipan, MP 96950 | Respondent |
| Seasonal Incorporated<br>PPP 270, Box 10000<br>Saipan, MP 96950 | Respondent |
| Tan Holdings Corporation<br>P.O. Box 50128<br>Saipan, MP 96950 | Respondent |
| Tan Holdings Overseas Incorporated<br>P.O. Box 50128<br>Saipan, MP 96950 | Respondent |

EXHIBIT "1"

EEOC Charge No. 378-2004-00361
Page 2 of 3

## DETERMINATION

Under the authority vested in me by the Equal Employment Opportunity Commission ("EEOC" or "the Commission"), I issue the following determination as to the merits of the subject charge filed under the Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). All requirements for coverage have been met.

Charging Party alleges that she and a class of Filipino employees were discharged because of their national origin.

Respondent denies the allegations.

The Commission has determined that Respondent discharged Charging Party and a class of non-Chinese employees (Filipino, Thai, Pohnpei and Kosrae) because of their national origin.

With respect to like and related issues, the Commission has determined that Respondent has discriminated against Charging Party and a class of non-Chinese (Filipino, Thai, Pohnpei and Kosrae) employees because of their national origin with respect to the assignment of overtime hours. The Commission has determined that Respondent has subjected non-Chinese employees to different terms & conditions of employment than Chinese employees. The Commission has determined that non-Chinese employees were not given the option of having meals provided by Respondent and that Respondent treated Chinese and non-Chinese employees differently with respect to the usage of the employee cafeteria. The Commission has determined that Respondent segregated Chinese and non-Chinese job classifications and work units on the basis of national origin. Therefore, I have concluded that the evidence is sufficient to establish a violation of the statute under Title VII of the Civil Rights Act of 1964, as amended.

Respondents are reminded that Federal law prohibits retaliation against persons who have exercised their right to inquire or complain about matters they believe may violate the law. Discrimination against persons who have cooperated in Commission investigations is also prohibited. These protections apply regardless of the Commission's determination on the merits of the charge.

Having determined that there is reason to believe that violations have occurred, the Commission now invites the parties to join with it in a collective effort toward a just resolution of this matter. If Respondents decline to enter into conciliation discussions, or if for any other reason the Commission's representative is unable

to secure an acceptable conciliation, the Director will so inform the parties in writing and advise them of the court enforcement alternative available to the charging party and the Commission.

Investigator Glory Gervacio will be contacting you shortly to begin conciliation discussions. You can contact Investigator Gervacio at (808) 541-3125.

On Behalf of the Commission:

8/28/06
Date

Olophius Perry, District Director
Los Angeles District Office