```
                                                    F I L E D
                                                       Clerk
                                                    District Court

                                                    FEB 25 2008
              UNITED STATES DISTRICT COURT
                       FOR THE                 For The Northern Mariana Islands
              NORTHERN MARIANA ISLANDS         By_____
                                                      (Deputy Clerk)
```

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>L&T INTERNATIONAL CORPORATION; L&T GROUP OF COMPANIES, LTD., et. al.,<br><br>Defendants. | Civil Action No. 07-0029<br><br><u>Case Management Scheduling Order</u> |

| Anna v. Park, Esq.<br>EEOC<br>Los Angeles Office<br>255 E. Temple, 4th Floor<br>Los Angeles, Ca 90012 | Joe Hill<br>Attorney at Law<br>P.O. Box 500917<br>Saipan, MP 96950 | Collin M. Thompson<br>Attorney at Law<br>PMB 917, Box 1000<br>Saipan, MP 96950 | Steven P. Pixley<br>Attorney at Law<br>P.O. Box 501280<br>Saipan, MP 96950 |

Pursuant to Federal Rule of Civil Procedure 16(b)[1] and Local Rule 16.2CJ.e.4, a Case Management Conference was conducted in the above case on Februaru 25. 2008. As a result of the conference,

---

[1] Fed.R.Civ.P. 16(b)(6) provides in part that a case management scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge[.]" To establish good cause, a party must generally show that even with the exercise of due diligence it cannot meet the order's timetable. *See e.g.* <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992). The liberal amendment policy of Fed.R.Civ.P. 15 no longer obtains once the case management scheduling order has been entered. See <u>Coleman v. Quaker Oats Co.</u>, 232 F.3d 1271, 1294 (9th Cir. 2000).

IT IS ORDERED THAT:

1. All parties are to be joined on or before May 1, 2008.

2. All motions to amend pleadings shall be filed on or before May 1, 2008.

3. All discovery shall be served by September 1, 2008.

4. All discovery motions shall be filed so as to be heard on or before October 23, 2008. The following discovery documents and proofs of service thereof shall not be filed with the Clerk until there is a motion or proceeding in which the document or proof of service is in issue and then only that part of the document which is in issue shall be filed with the Court:

    a. Transcripts of depositions upon oral examination;
    b. Transcripts of deposition upon written questions;
    c. Interrogatories;
    d. Answers or objections to interrogatories;
    e. Requests for production of documents or to inspect tangible things;
    f. Responses or objections to requests for production of documents or to inspect tangible things;
    g. Requests for admission; and,
    h. Responses of objections to requests for admission.

5. Plaintiff expert disclosure - July 1, 2008.

6. Defendant and third-party defendant expert disclosure - July 1, 2008.

7. Expert discovery shall be completed by September 22, 2008.

8. A status conference will be held on July 10, 2008, at 9:00 a.m.

9. All dispositive motions shall be heard on or before December 4, 2008. Said motions shall be filed in accordance with Local Rules 7.1.

10. A settlement conference will be held on December 12, 2008, at 9:00 a.m.

11 The jointly-prepared final pretrial order, prepared pursuant to Local Rule 16.2CJ.e.9, shall be filed with this Court by January 15, 2009.

12. A final pretrial conference will be held on January 23, 2009, at 9:00 a.m.

13. The trial in this case shall begin on February 23, 2009, at 9:00 a.m.

This case has been assigned to the Standard Track.

DATED THIS 25th day of February, 2008, Garapan, Saipan, CNMI.

_____
Judge Alex R. Munson